B"H

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

ARI TEMAN,

Plaintiff,

v.

UNITED STATES PROBATION SERVICE,

RISELDA R. RUIZ, CHIEF UNITED STATES PROBATION OFFICER, in her official capacity,

JOHN CARLES, SUPERVISING PROBATION OFFICER, in his official and individual capacities,

JACOB GUTTWILLIG, ASSISTANT U.S. ATTORNEY, in his official and individual capacities,

DEPARTMENT OF JUSTICE ADMINISTRATIVE OFFICE OF THE U.S. COURTS,

HARMEET DHILLON, HEAD OF DOJ CIVIL RIGHTS DIVISION, in her official capacity,

DEPARTMENT OF JUSTICE CIVIL RIGHTS DIVISION,

Defendants.

Case No.: 1:25-cv-04699

MOTION TO AMEND COMPLAINT TO ADD PAUL A. ENGELMAYER AS A DEFENDANT,

DENY APPLICATION OF FUGITIVE DISENTITLEMENT DOCTRINE,

REMOVE ALL STAYS,

AND FOR RECUSAL OF JUDGE PAUL A. ENGELMAYER

---

## MOTION

Plaintiff Ari Teman, acting pro se, moves this Court pursuant to Federal Rule of Civil Procedure 15(a)(2) to amend the complaint (Docket 1) to add U.S. District Judge Paul A. Engelmayer as a defendant in this civil rights action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff further moves to deny the application of the fugitive disentitlement doctrine, lift any and all stays on proceedings, including those affecting his pending appeal before the Second Circuit, and order the recusal of Judge Engelmayer due to

1 of 17

conflicts of interest and his improper assignment as presiding judge. Alternatively, Plaintiff

requests a change of venue to a district outside the Southern District of New York (SDNY) to

avoid inherent conflicts arising from *Teman v. Biale* (Case No. 1:25-cv-05454, Docket 1). The

case was incorrectly assigned to Engelmayer, as the complaint in *Teman v. Biale* (Docket 1, ¶¶ 2,

6, 33, 107, 114-15) and this action (Docket 1, ¶¶ 15, 18) clearly identify him as a party and key

witness to ex parte communications and civil rights violations, rendering him ineligible to preside

under 28 U.S.C. § 455(b)(1) and (5). The motion relies solely on Exhibits 1-7 from the complaint

in Case No. 1:25-cv-04699 and integrates allegations from *Teman v. Biale* to support the claims.

---

**INTRODUCTION**

- Plaintiff seeks to amend the complaint to include Judge Paul A. Engelmayer as a defendant based
  on his alleged ex parte coordination with the Department of Justice (DOJ), including Defendant
  Guttwillig, to violate Plaintiff's First, Fifth, and Sixth Amendment rights while Plaintiff resides in
  Israel. These actions, detailed in the complaint (Docket 1, ¶¶ 15, 18) and the February 24, 2025
  letter (Exhibit 4), involve facilitating the retaliatory rescission of a probation recommendation
  (Exhibit 1, Dkt. 483 in *United States v. Teman*, Case No. 1:19-cr-00696) allowing Plaintiff to live
  in Israel, tied to his religious obligations (Exhibit 3). In *Teman v. Biale* (Case No. 1:25-cv-05454,
  Docket 1, ¶¶ 2, 6, 33, 107), Plaintiff alleges Engelmayer engaged in extrajudicial misconduct by
  concealing a conflict of interest arising from Noam Biale's marriage to Assistant U.S. Attorney
  Margaret Graham, making ex parte calls to ensure prosecutorial staffing for convictions (Exhibit
  7, Dkt. 321-1), and defaming Plaintiff with fabricated religious claims (Exhibit A, *Teman v.
  Biale*).

- The case was improperly assigned to Engelmayer, as both this complaint (Docket 1, ¶¶ 15, 18)
  and *Teman v. Biale* (Docket 1, ¶¶ 2, 6, 33, 107, 114-15) name him as a party and key witness to ex
  parte communications (Exhibit 7) and civil rights violations, including First Amendment
  violations via fabricated religious claims (*Teman v. Biale*, Docket 1, ¶¶ 2, 94) and Fifth and Sixth
  Amendment violations through conflict concealment (*Teman v. Biale*, Docket 1, ¶¶ 4, 101). Under

28 U.S.C. § 455(b)(1) and (5), a judge must recuse if they have personal knowledge of disputed facts or are a party or material witness. Engelmayer's assignment violates these provisions, necessitating his recusal and inclusion as a defendant.

- Engelmayer's close personal relationships with Biale and Graham, his mentees with whom he dined and visited socially, establish a conspiracy to violate Plaintiff's rights (*Teman v. Biale*, Docket 1, ¶¶ 4, 33, 114-15). This conspiracy extends to *Teman v. Biale*, where he is a defendant and has issued stays to shield himself and his associates, with notice of claims since May 2024 (*Teman v. Biale*, Docket 1, 19).

- Plaintiff is not a fugitive, as his presence in Israel was court-approved (Exhibit 1), and his inability to return is due to an ongoing war (Complaint 17). The fugitive disentitlement doctrine is inapplicable, and any stays based on this doctrine are unwarranted.

---

## STATEMENT OF FACTS

- **Court-Approved Travel**: Plaintiff traveled to Israel with express permission from this Court and probation authorities, as confirmed by the government's non-opposition to his request to reside in Israel (Exhibit 1, Dkt. 474; Complaint 14).

- **Compliance**: Plaintiff served his full sentence, paid complete restitution, and complied with all conditions for one year, as attested by Probation Officer Jimmy Wong (Exhibit 1; Complaint 14).

- **Improper Assignment**: The complaint in this case (Docket 1, ¶¶ 15, 18) and *Teman v. Biale* (Docket 1, ¶¶ 2, 6, 33, 107, 114-15) name Engelmayer as a party and key witness to ex parte communications (Exhibit 7, Dkt. 321-1) and civil rights violations, including fabricating Jewish laws to defame Plaintiff (*Teman v. Biale*, Docket 1, ¶¶ 2, 94) and concealing the Biale-Graham conflict (*Teman v. Biale*, Docket 1, ¶¶ 4, 101). His assignment as presiding judge violates 28 U.S.C. § 455(b)(1) (personal knowledge of disputed facts) and § 455(b)(5) (party or material witness), as his actions are central to the claims.

- **Engelmayer's Misconduct**: Engelmayer admitted to ex parte communications with the SDNY U.S. Attorney's Office to ensure prosecutorial staffing for convictions (Exhibit 7, Dkt. 321-1; Complaint ¶¶ 15, 18; *Teman v. Biale*, Docket 1, ¶¶ 6, 107). These actions facilitated the retaliatory rescission of the probation recommendation (Exhibit 1, Dkt. 483) after Plaintiff's email to Guttwillig asserting prosecutorial misconduct (Exhibit 2; Complaint ¶¶ 15-16). In *Teman v. Biale*, Plaintiff alleges Engelmayer concealed the Biale-Graham marriage conflict, met with Biale in September 2020 to advise on nondisclosure, and communicated via email with Biale and Graham in October 2020 (*Teman v. Biale*, Docket 1, ¶¶ 33, 115). Engelmayer also made defamatory statements, falsely claiming Plaintiff exploited Jewish clients using fabricated Passover laws (Exhibit A, *Teman v. Biale*; *Teman v. Biale*, Docket 1, ¶¶ 2, 94).

- **Public Scrutiny**: Legal scholars, including Harvard Law Professors Lawrence Lessig and Alan Dershowitz, have called *United States v. Teman* a "major injustice" (Exhibit 5; Complaint ¶¶ 1, 15; *Teman v. Biale*, Docket 1, 10). The February 24, 2025 letter notes Engelmayer's impeachment proceedings (Exhibit 4; Complaint 18; *Teman v. Biale*, Docket 1, 2).

- **Notice to Cure**: Plaintiff's February 24, 2025 letter (Exhibit 4) to Defendants Ruiz, Carles, Wong, and others detailed constitutional violations and requested rectification, which Defendants, including Dhillon, failed to address (Complaint 17).

---

## LEGAL STANDARD

- **Amendment**: Federal Rule of Civil Procedure 15(a)(2) allows amendment with leave of court, which should be freely given when justice requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The amendment is not futile, as Engelmayer's actions lack immunity, and no prejudice results given early-stage litigation.

- **Fugitive Disentitlement**: The fugitive disentitlement doctrine is a discretionary tool to dismiss appeals or deny relief to fugitives evading jurisdiction (*Molinaro v. New Jersey*, 396 U.S. 365 (1970)). It requires willful flight (*United States v. Bescond*, 24 F.4th 97 (2d Cir. 2021)). Courts

decline to apply it when absence is due to external barriers or compliance with judicial

obligations (*Sun v. Mukasey*, 555 F.3d 802 (9th Cir. 2009)).

- **Recusal**: Under 28 U.S.C. § 455(a), a judge must recuse when impartiality might reasonably be

  questioned (*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859-60 (1988)). Under §

  455(b)(1) and (5), recusal is mandatory if the judge has personal knowledge of disputed facts or is

  a party or material witness.

- **Venue Transfer**: Under 28 U.S.C. § 1404(a), courts may transfer venue for convenience and

  justice (*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)).

---

## ARGUMENT

### I. Engelmayer Must Be Added as a Defendant Due to Non-Judicial, Conspiratorial Acts

- **Non-Judicial Conduct**: Judicial immunity applies only to "judicial acts" performed within a

  judge's jurisdiction, defined as functions "normally performed by a judge" in a judicial capacity,

  such as ruling on motions or sentencing. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Judge

  Engelmayer's alleged ex parte coordination with the DOJ, including Defendant Guttwillig, to

  rescind the probation recommendation (Exhibit 1, Dkt. 483) in retaliation for Plaintiff's protected

  speech (Exhibit 2) while Plaintiff resides in Israel, is not a judicial act. Plaintiff, located in Israel

  with court-approved permission (Exhibit 1), is beyond the territorial jurisdiction of the Southern

  District of New York, as U.S. courts lack authority over actions in foreign sovereign territory

  absent explicit statutory or treaty provisions. *See United States v. Bescond*, 24 F.4th 97, 105 (2d

  Cir. 2021) (holding that extraterritorial conduct does not fall within U.S. court jurisdiction unless

  clearly intended). Engelmayer's actions, including ex parte calls to ensure prosecutorial staffing

  (Exhibit 7, Dkt. 321-1; *Teman v. Biale*, Docket 1, ¶¶ 6, 107), advising Biale on concealing the

  Biale-Graham conflict in September 2020, and emailing Biale and Graham in October 2020

  (*Teman v. Biale*, Docket 1, ¶¶ 33, 115), constitute willful misconduct outside his jurisdiction,

  targeting Plaintiff's First, Fifth, and Sixth Amendment rights in a foreign nation. His defamatory

statements fabricating Jewish laws to allege Plaintiff exploited clients during Passover (Exhibit A, *Teman v. Biale*; *Teman v. Biale*, Docket 1, ¶¶ 2, 94) further exceed judicial authority, as secular courts cannot legislate religious doctrine (*Klagbrun v. Vaad Harabonim of Greater Monsey*, 53 F. Supp. 3d 732, 740 (S.D.N.Y. 2014)). In *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), the Supreme Court held that immunity does not extend to acts in the "clear absence of all jurisdiction." Similarly, *Ex parte Virginia*, 100 U.S. 339, 348 (1879), excludes malicious or corrupt acts from immunity, and *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), permits injunctive relief against judges for unconstitutional conduct. Engelmayer's extrajudicial actions, lacking any judicial function, are not immune, necessitating his inclusion as a defendant.

- **Conspiracy**: Engelmayer's close relationships with Biale and Graham, his mentees with whom he dined and visited socially, establish a conspiracy to violate Plaintiff's rights (*Teman v. Biale*, Docket 1, ¶¶ 4, 33, 114-15). In *Dennis v. Sparks*, 449 U.S. 24, 28-29 (1980), a judge's conspiracy with private actors negated immunity. Engelmayer's coordination with Guttwillig, Biale, and Graham, including his failure to disclose the Biale-Graham marriage until December 1, 2020 (Exhibit 7; *Teman v. Biale*, Docket 1, ¶¶ 4, 101), and his private meeting and emails to conceal the conflict (*Teman v. Biale*, Docket 1, ¶¶ 33, 115), align with this precedent. These actions violated Plaintiff's Sixth Amendment right to conflict-free counsel (*United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982)) and Fifth Amendment due process rights (*Teman v. Biale*, Docket 1, ¶¶ 101, 107).

- **Teman v. Biale**: Engelmayer's status as a defendant in *Teman v. Biale* (Case No. 1:25-cv-05454), with notice since May 2024, and his issuance of stays to shield himself and his associates, demonstrate non-judicial intent to obstruct justice (*Teman v. Biale*, Docket 1, 19). *Rankin v. Howard*, 633 F.2d 844, 848 (9th Cir. 1980) (no immunity for conspiratorial acts).

## II. Fugitive Disentitlement Doctrine Is Inapplicable

- Plaintiff is not a fugitive, as his presence in Israel was court-approved, and his inability to return is due to an ongoing war:

- **Court-Approved Travel**: Plaintiff traveled to Israel with permission (Exhibit 1; Complaint 14), unlike fugitives who abscond (*Dennis Ralph Katz v. United States*, 920 F.2d 610, 612 (9th Cir. 1990)).

- **No Intent to Evade**: The Second Circuit requires willful flight for disentitlement (*Bescond*, 24 F.4th at 105). Plaintiff's inability to return due to war constitutes an external barrier, not evasion (*Sun v. Mukasey*, 555 F.3d at 805).

- **Compliance**: Plaintiff served his sentence, paid restitution, and complied with all conditions (Exhibit 1; Complaint 14), negating the doctrine's equitable basis (*United States v. Jacob*, 714 F.3d 1032, 1035 (8th Cir. 2013)).

- **Due Process**: Applying disentitlement would violate due process by denying Plaintiff access to remedies, especially given his appeal (*Bescond*, 24 F.4th at 107).

## III. All Stays Must Be Lifted

- Stays based on the fugitive disentitlement doctrine are improper, as Plaintiff is not a fugitive. His compliance and external barriers require lifting stays to ensure access to justice (*Nken v. Holder*, 556 U.S. 418, 434 (2009)).

## IV. Engelmayer's Recusal Is Mandatory Due to Improper Assignment and Conflicts

- Engelmayer's impartiality is reasonably questioned under 28 U.S.C. § 455(a), and his assignment as presiding judge was improper under § 455(b)(1) and (5), as he is a party and material witness to disputed facts:

- **Improper Assignment**: The complaint in this case (Docket 1, ¶¶ 15, 18) and *Teman v. Biale* (Docket 1, ¶¶ 2, 6, 33, 107, 114-15) name Engelmayer as a party and witness to ex parte communications (Exhibit 7) and civil rights violations, including fabricating religious laws (*Teman v. Biale*, Docket 1, ¶¶ 2, 94) and concealing the Biale-Graham conflict (*Teman v. Biale*, Docket 1, ¶¶ 4, 101). His personal knowledge of these acts and status as a defendant preclude him from presiding (*Liteky v. United States*, 510 U.S. 540, 548 (1994)).

- **Teman v. Biale**: As a defendant, Engelmayer has a direct conflict (*Liljeberg*, 486 U.S. at 859-60; *Teman v. Biale*, Docket 1, ¶¶ 2, 19).

- **Relationships**: His mentorship and social ties with Biale and Graham create bias (*United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992); *Teman v. Biale*, Docket 1, ¶¶ 4, 33).

- **Public Criticism**: Statements by Professors Lessig and Dershowitz (Exhibit 5; *Teman v. Biale*, Docket 1, 10) undermine impartiality (*United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000)).

- **Impeachment**: Noted in the February 24, 2025 letter (Exhibit 4) and *Teman v. Biale* (Docket 1, 2), proceedings heighten bias concerns.

## V. Venue Change to Avoid Conflicts

- The conflicts in *Teman v. Biale* and Engelmayer's improper assignment and influence in SDNY necessitate a venue change under 28 U.S.C. § 1404(a) to ensure fairness (*Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981); *Teman v. Biale*, Docket 1, 27).

---

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court:

- Grant leave to amend the complaint to add Paul A. Engelmayer as a defendant in his official and individual capacities.

- Deny the application of the fugitive disentitlement doctrine.

- Lift any and all stays on proceedings, including those affecting Plaintiff's Second Circuit appeal.

- Order the recusal of Judge Paul A. Engelmayer due to his improper assignment and conflicts of interest.

- Transfer venue to a district outside SDNY under 28 U.S.C. § 1404(a).

- Grant such other relief as the Court deems just.

**Dated**: July 27, 2025 (2nd of Av, 5785)

**Respectfully submitted,**

/s/ Ari Teman

Ari Teman, Plaintiff Pro Se

Tel Aviv, Israel

ari@teman.com (mailto:ari@teman.com)

1521 Alton Road #88S, Miami Beach, FL 33139

---

DENIED.  *See, e.g.*, *Dekom v. Fannie Mae*, No. 17 Civ. 2712, 2018 WL 11691249, at *1 (E.D.N.Y. Sept. 26, 2018) ("Generally, the fact that a litigant has named a judge as a defendant in a separate lawsuit does not require recusal."); *In re Fischer*, No. 12 Civ. 5397, 2013 WL 2316665, at *3 (E.D.N.Y. May 28, 2013) ("[T]he fact that [plaintiff] may have sought to add the undersigned to his seemingly unrelated matrimonial and state court actions does not necessitate recusal."); *Kampfer v. Gokey*, 955 F. Supp. 167, 170 (N.D.N.Y 1997) (a litigant may not "obtain recusal simply by filing a frivolous suit against the judge." (citation omitted)); *Barrazo-Greig, on Behalf of Greig v. New York Soc'y for Prevention of Cruelty to Child.*, No. 94 Civ. 6678, 1995 WL 791967, at *2 (S.D.N.Y. Aug. 22, 1995) ("Under well-established case law, [plaintiff's] suit against the Court does not cause my recusal, or that of the other judges of this Court[.]").

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

July 30, 2025
New York, New York